MEMORANDUM **
James Drimmer alleges that WD-40 Co. falsely markets its 2000 Flushes toilet cleaner as not harmful to plumbing or septic systems. He asserts claims for common-law negligence, false advertising in violation of California’s Unfair Competition Law (UCL), Cal. Bus. & Prof.Code § 17200 et seq., and breach of the implied warranty of fitness under California’s Song-Beverly Act, Cal. Civ.Code § 1790 et seq. Drimmer appeals the decision of the district court not to certify a class on his UCL and Song-Beverly Act claims pursuant to Rule 23 of the Federal Rules of Civil Procedure. Under Rule 23, “[a]s the party seeking class certification, [Drimmer bore] the burden of demonstrating that [he] met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b).” Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180, 1186 (9th Cir.2001) (citation omitted).
The four prerequisites to class certification set forth in Rule 23(a) are generally described as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. See Fed.R.Civ.P. 23(a). The district court found that Drimmer’s claim did not satisfy the commonality, typicality, and adequacy prerequisites. We review the district court’s decision for an abuse of discretion. Molski v. Gleich, 318 F.3d 937, 946 (9th Cir.2003). A certification decision premised on legal error constitutes an abuse of discretion. Id. Because Drimmer must satisfy all of the Rule 23(a) prerequisites, we must affirm the district court if it correctly ruled on any of them. We conclude that the district court did not abuse its *221 discretion when it found that Drimmer was not an adequate class representative. We therefore affirm the district court.
“Rule 23(a)(4) permits the certification of a class action only if the representative parties will fairly and adequately protect the interests of the class.” Staton v. Boeing Co., 327 F.3d 938, 957 (9th Cir.2003) (internal quotation marks omitted). To determine whether a proposed class representative adequately and fairly represents the proposed class, “we ask two questions: (1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs • and their counsel prosecute the action vigorously on behalf of the class?” Id. With respect to issue (1), the district court was concerned that Drimmer “holds different priorities and litigation incentives than a typical class member,” and therefore concluded that the case did not satisfy Rule 23(a)(4)’s requirement that representative parties fairly and adequately protect the interests of the class. The district court based its finding on “the combination of a personal relationship [and] landlord-tenant relationship” between Drimmer and his attorney, and Drimmer’s “inexplicable disinterest in pursuing all remedies available to him.” These findings are sufficient to support the district court’s discretionary decision that Drimmer was not an adequate class representative. Drimmer and his attorney worked together and are close friends. Drimmer’s attorney was also his landlord. It is not an abuse of discretion to find that this relationship indicated a potential conflict of interest between Drimmer and his counsel and the proposed class members. The court was appropriately concerned that Drimmer’s decisions may not be based on the best interests of class members, but on the best interests of his attorney.
Our colleague is concerned that the district court stated that no single factor was sufficient to disqualify Drimmer as an adequate class representative, and thus the relationship between Drimmer and his attorney would, alone, be insufficient to affirm the district court. We do not find any authority to suggest that Drimmer’s personal and landlord-tenant relationship with his attorney would not be sufficient to deny class certification. Accordingly, we cannot say that the district court abused its discretion.
Because the district court did not abuse its discretion when determining that Drim-mer was an inadequate class representative, and a finding of inadequacy is sufficient to deny class certification, we need not consider the other issues raised by Drimmer.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.